# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DESERT PALACE, INC, d/b/a CAESARS PALACE HOTEL AND CASINO,<br><br>              Plaintiff,<br><br>       vs.<br><br>ACE AMERICAN INSURANCE COMPANY, and DOES 1 through 20, inclusive,<br><br>              Defendants. | Case No.: 2:10-cv-01638-RLH-LRL<br><br>**O R D E R**<br><br>(Motion to Dismiss–#6;<br>Motion to Remand–#9) |

      Before the Court is Defendant Ace American Insurance Company's ("Ace American") **Motion to Dismiss** (#6), filed October 6, 2010. The Court has also considered Plaintiffs Desert Palace, Inc., d/b/a Caesars Palace Hotel and Casino's ("Caesars Palace") Opposition (#7), filed October 21, 2010, and Ace American's Reply (#13), filed November 3, 2010.

      Also before the Court is Caesars Palace's **Motion to Remand** (#9), filed October 22, 2010. The Court has also considered Ace American's Opposition (#16), filed November 10, 2010, and Caesars Palace's Reply (#17), filed November 23, 2010.

1

AO 72
(Rev. 8/82)

## BACKGROUND

This dispute arises from a rejected insurance claim that Caesars Palace tendered to its insurer, Ace American, when a former guest sued Caesars Palace for negligence based upon her alleged injury at the property. Caesars Palace alleges the following facts. On or about October 27, 2006, Livia Farina slipped and fell near an entrance at Caesars Place. (Dkt. #1, Notice of Removal Ex. B, Compl. ¶ 5.) At that time, Ace American insured Caesars Palace with a general liability insurance policy. On June 1, 2007, Farina filed a negligence action (the "Farina Lawsuit") against Caesars Palace in the Eighth Judicial District Court of the State of Nevada (the "State Court"). (*Id.* ¶ 6.) Although Caesars Palace tendered its defense of the Farina Lawsuit to Ace American, the insurer did not defend Caesars Palace against Farina's claims.

Caesars Palace filed suit against Ace American in the State Court on August 12, 2010, alleging: (1) breach of contract, (2) breach of covenant of good faith and fair dealing, (3) breach of fiduciary duty, (4) breach of unfair trade practices act, and (5) punitive damages. In its Complaint, Caesars Palace alleges damages "in an amount in excess of $10,000.00, including punitive damages . . ." on each of claims 1 through 4. (*Id.* ¶¶ 18, 22, 25, 28.) In addition, Caesars Palace demands declaratory relief, prejudgment interest, punitive damages, and reasonable attorneys' fees and costs. On September 25, 2010, Ace American removed the case to this Court on the basis of diversity jurisdiction. Ace American is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania, while Caesars Palace is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

Ace American now asks the Court to dismiss Caesars Palace's breach of fiduciary duty and punitive damages claims for a failure to state valid claims. In addition, Caesars Palace asks the Court to remand this case because Ace American has not met the requirements for diversity jurisdiction. For the reasons discussed below, the Court grants Ace American's motion and denies Caesars Palace's motion.

///

**DISCUSSION**

The Court will first address Caesars Palace's motion to remand in order to establish proper jurisdiction to rule on Ace American's motion to dismiss.

**I.      Motion to Remand**

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court. 28 U.S.C. § 1441(a). A defendant who wishes to remove any civil action from a state court must file a notice of removal in the district court containing, *inter alia*, a short plain statement of the grounds for removal. 28 U.S.C. § 1446(a). To establish subject matter jurisdiction pursuant to diversity of citizenship, a defendant removing a case to federal court must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The burden of establishing federal jurisdiction is placed on the party seeking removal. *California ex rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

A motion to remand is the proper procedure for challenging removal. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007). When reviewing a motion to remand, a district court must analyze jurisdiction "on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (citation omitted). If a defendant has improperly removed a case over which the district court lacks subject matter jurisdiction, the district court shall remand the case to the state court. 28 U.S.C. § 1447(c); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that a district court resolves all ambiguity in favor of remand). However, a district court lacks discretion to remand a case to the state court if the case was properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988).

///

### A.     The State Court's Jurisdiction Over Ace American

Caesars Palace argues that the Court should remand this case because the State Court has proper jurisdiction over Ace American, state law predominates in this matter, and Ace American has not shown that it will suffer bias in the State Court. These arguments fail as a matter of law. Caesars Palace has not challenged Ace American's Pennsylvania citizenship. Therefore, a complete diversity of citizenship exists. Furthermore, because Ace American is a Pennsylvania citizen, it is clearly not a Nevada defendant to whom the forum defendant rule would apply. Neither does the presence of state law claims deprive Ace American of its right to remove if all diversity requirements are met. Federal courts have addressed Nevada laws concerning insurance coverage on numerous occasions and are capable of doing so in this instance as well. Finally, out-of-state defendants are not required to show an actual threat of bias from a state court in order to remove a case. Thus, Ace American has met its burden to show a complete diversity of citizenship between the parties.

### B.     Amount in Controversy

Caesars Palace also argues that the Court should remand this case because Ace American has not met the amount in controversy requirement. Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction and the plaintiff argues that the $75,000 amount in controversy requirement has not been met, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). In cases where the state court complaint may be silent or unclear as to the amount of damages a plaintiff seeks, the defendant "bears the burden of actually proving" that the amount in controversy exceeds $75,000. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In analyzing what evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the

AO 72
(Rev. 8/82)

amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks and citation omitted).

Caesars Palace argues that its complaint does not specify damages in excess of $75,000. Instead, the complaint simply prays for damages in excess of $10,000. Furthermore, Caesars Palace points out that it recently received a defense judgement in the Farina Lawsuit and was found not liable for Ms. Farina's injuries. However, the Court finds that the underlying facts support Ace American's assertion that the amount in controversy exceeds $75,000. First, the complaint does not merely seek $10,000–each of the first four claims seeks in excess of $10,000. Thus, it is facially evident from the complaint that Caesars Palace seeks $40,000 at a bare minimum, not including punitive damages, prejudgment interest, or attorneys' fees and costs. But more importantly, Ace American has submitted an affidavit stating that Caesars Palace's fees and costs defending against the Farina Lawsuit exceed $110,000. This affidavit is exactly the type of "summary-judgement-type evidence" that the Ninth Circuit described. *See, e.g. Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376–77 (9th Cir. 1997). The Court therefore finds that Ace American has met its burden of proof to show a $75,000 amount in controversy and denies Caesars Palace's motion to remand.

**II.     Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a

///

1   complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its
2   face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).
3      In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts
4   are to apply when considering motions to dismiss. First, a district court must accept as true all
5   well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the
6   assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only
7   by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider
8   whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A
9   claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw
10  a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where
11  the complaint does not permit the court to infer more than the mere possibility of misconduct, the
12  complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal
13  quotation marks omitted). When the claims in a complaint have not crossed the line from
14  conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.
15    **A.** **Breach of Fiduciary Duty**
16     A claim for breach of fiduciary duty seeks damages for injuries that result from the
17  tortious conduct of one who owes a duty to another by virtue of the fiduciary relationship. *Stalk v.*
18  *Mushkin,* 199 P.3d 838, 843 (Nev. 2009). Although the duty an insurance company owes to its
19  insured is " 'akin' to a fiduciary relationship," the Nevada Supreme Court declined to recognize a
20  cause of action for an insured based on a alleged breach of fiduciary duty. *Powers v. United*
21  *Services Auto. Ass'n.*, 979 P.2d 1286, 1288 (Nev. 1999). To that end, Nevada treats a "breach of
22  the fiduciary nature of the insurer-insured relationship [as] part of the duty of good faith and fair
23  dealing," not a separate tort claim. *Powers v. United Services Auto. Ass'n.*, 962 P.2d 596, 603
24  (Nev. 1998), *aff'd in relevant part*, 979 P.2d 1286.
25     Caesars alleges that Ace American breached its fiduciary duty in denying Caesars'
26  tender of defense in the underlying action. Ace American argues, however, that this claim fails as

6

a matter of law because Nevada does not recognize breach of fiduciary duty claims alleged against an insurer by its insured. The Court agrees and dismisses Caesars Palace's claim accordingly.

### B.     Punitive Damages

Caesars Palace alleges a separate cause of action against Ace American for punitive damages. Nevada law allows a plaintiff to recover punitive damages against an insurer for a bad-faith refusal to pay an insurance claim if he establishes that the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Ainsworth v. Combined Ins. Co. of Am.*, 774 P.2d 1003, 1012 (Nev. 1989); *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1247 (D. Nev. 1994). However, punitive damages are only available where "it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, express or implied." NRS § 42.005.

#### 1.     Punitive Damages as a Separate Claim

Ace American argues that Caesars Palace fails to state a valid claim for punitive damages because such damages are a remedy and not a separate cause of action. In essence, Ace American asks the Court to require Caesars Palace to attach its request for punitive damages to the claim for breach of the covenant of good faith and fair dealing (*i.e.* bad faith) rather than allow an independent claim for punitive damages. Although punitive damages are indeed an available remedy for a successful bad faith claim, plaintiffs must prove an additional statutory element to receive punitive damages: either oppression, fraud, or malice. It follows then that a plaintiff may allege a separate claim with different facts, or possibly overlapping facts, in order to prove the additional elements necessary for punitive damages. In the Court's view, Caesars Palace was neither required to nor restrained from alleging a separate claim for punitive damages.

#### 2.     Failure to Allege Sufficient Facts to Support Punitive Damages

Next, Ace American argues that Caesars Palace has failed to allege sufficient facts to support a finding of oppression, fraud, or malice, at least one of which is required for a punitive

7

1  damages claim.  Common law definitions apply for oppression, fraud, and malice.  NRS §
2  42.005(5).  Oppression occurs when the plaintiff is subjected to "cruel and unjust hardship in
3  conscious disregard of his rights."  *Ainsworth*, 774 P.2d 1003, 1012 (Nev. 1989) (internal
4  quotation marks and citations omitted), *abrogated on other grounds by Powers*, 962 P.2d 596.
5  Malice refers to conduct which is intended to injure a person or conduct with a conscious or
6  deliberate disregard of the rights or safety of others.  *Granite Construction Co. v. Rhyne*, 817 P.2d
7  711, 713 (Nev. 1991)); *see also Coughlin v. Tailhook Ass'n*, 112 F.3d 1052, 1055–56 (9th Cir.
8  1997).  Fraud is found where a party intentionally makes a false representation to a plaintiff who
9  relies upon that false statement to his detriment.  *J.A. Jones Constr. Co. v. Lehrer McGovern*
10 *Bovis, Inc.*, 89 P.3d 1009, 1017 (Nev. 2004).

11         Ace American maintains that Caesars Palace has not alleged sufficient facts to
12 support a finding of oppression, fraud, or malice because its allegations amount to simple legal
13 conclusions.  The Court agrees.  Caesars Palace first alleges bad faith by stating that it "reasonably
14 and detrimentally relied on Defendant's representations, to act in good faith; however, the failure
15 of Defendants to fulfill their representations ... constitutes bad faith and fraud, oppression, or
16 malice."  (Dkt. #1, Compl. ¶ 21.)  Caesars Palace then alleges its claim for punitive damages by
17 asserting that Ace American acted "with a conscious disregard for the rights of Plaintiff and with
18 the intent to vex, injure, or annoy Plaintiff, or with the reckless disregard of the effect of its
19 actions, such as to constitute fraud, oppression, and malice ...."  (*Id.* ¶ 31.)  These allegations do
20 little more than restate the common law elements of oppression, fraud, or malice by providing
21 synonyms for the terms and providing no additional factual allegations.  For example, fraud claims
22 must meet a heightened pleading standard under Rule 9, which requires a party to "state with
23 particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  However, Caesars Palace
24 fails to give any "account of the time, place, and specific content of the false representations, as
25 well as the identities of the parties to the misrepresentations."  *Swartz v. KPMG, LLP*, 476 F.3d
26 756, 764 (9th Cir. 2007).

As the Court set forth in the Rule 12(b)(6) legal standard, the Federal Rules of Civil Procedure do not require detailed factual allegations, but they undoubtedly demand "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 129 S. Ct. at 1949. Reading the foregoing allegations together with Caesars Palace's general assertion that Ace American "arbitrarily and wrongfully refused to defend" (Dkt. #1, Compl. ¶ 13) the Farina Lawsuit, the Court concludes that Caesars Palace merely alleges that Ace American is liable for oppression, fraud, or malice because the insurer refused to defend the claim in bad faith. However, "proof of bad faith, by itself, does not establish liability for punitive damages." *United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 198 (Nev. 1989); *see also Polymer Plastics Corp. v. Hartford Cas. Ins. Co.*, 389 Fed. Appx. 703, 707 (9th Cir. 2010) (finding the standard for punitive damages "much more stringent than that for bad faith"). Because the allegations do not permit the Court to infer more than the mere possibility of misconduct, Caesars Palace does not state a valid claim for punitive damages. Accordingly, the Court grants Ace American's motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Caesars Palace's Motion to Remand (#9) is DENIED.

IT IS FURTHER ORDERED that Ace American's Motion to Dismiss (#6) is GRANTED.

Dated: March 1, 2011.

_____
ROGER L. HUNT
Chief United States District Judge